UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61469-Civ-SCOLA

VILLAS AT MEADOW
LAKES CONDOMINIUM,

    Plaintiff,
vs.

UNITED STATES LIABILITY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTION TO PETITION OF REMOVAL AND DENYING MOTION TO REMAND TO STATE COURT

THIS MATTER is before the Court upon [ECF No. 6] Plaintiff's Objection to Defendant's Petition for Removal, which the Court has construed [ECF No. 7] as a request for remand to state court. Plaintiff argues that this Court lacks subject matter jurisdiction because this is a "direct action" against an insurer, pursuant to 28 U.S.C. § 1332(c). This Court disagrees.

Section 1332(c)(1) provides that, for purposes of diversity jurisdiction, a corporation is considered a citizen of the state where it is incorporated and the state where it keeps its principal place of business, "*except that in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall [also] be deemed a citizen of the State of which the insured is a citizen*[.]" *See* 28 U.S.C. § 1332(c)(1) (emphasis supplied).

In this case, Plaintiff, the insured, has sued Defendant, the insurer, for breach of contract and declaratory relief stemming from Defendant's refusal to pay a liability insurance claim. "Such a case is not a 'direct action against the insurer of a policy or contract of liability insurance,' within the meaning of § 1332(c)(1)." *See Castilla v. Nat'l Union Fire Ins. Co. of*

*Pittsburgh, Pa.*, 2011 WL 4916307, at *2 (S.D.Fla. Oct. 17, 2011) (Cohn, J.); *see also Bowers v. Cont'l Ins. Co.*, 753 F.2d 1574, 1576-77 (11th Cir. 1985) ("The general rule has always been that the direct action proviso does not affect suits brought by an insured against his own insurer.").

"If the cause of action is based on the insurer's duty and not the insured's duty, the action is not a direct action." *Jennings Constr. Servs. Corp. v. Ace Am. Ins. Co.*, 2011 WL 1357689, at *2 (M.D. Fla. Mar. 16, 2011) (Spaulding, J.). That is the situation here because Plaintiff has sued Defendant for failing to pay under the policy of insurance – a breach of contract. The allegedly negligent directors (who, like Plaintiff, are also insureds under the policy) could not be sued for failing to provide coverage under the policy. Therefore, the "direct action" provision does not apply and diversity jurisdiction is not defeated. *See id.* ("[Plaintiff] could not bring his claims of breach of the Policy against [the two insureds]. His cause of action is based on [the insurer's] duty, not any duty of [the insureds], and is therefore not a direct action[.]").

Accordingly, for the reasons explained herein, it is hereby **ORDERED and ADJUDGED** that [ECF No. 6] Plaintiff's Objection to Defendant's Petition for Removal is **OVERRULED** and its request for remand is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida on December 5, 2012.

_____
**ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE**

*Copies to:*
U.S. Magistrate Judge
Counsel of record