UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61469-Civ-SCOLA

VILLAS AT MEADOW
LAKES CONDOMINIUM,

    Plaintiff,
vs.

UNITED STATES LIABILITY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the Court upon the Motion to Dismiss the Amended Complaint [ECF No. 9], filed by Defendant United States Liability Insurance Co. ("U.S. Liability"). For the reasons explained below, this Motion is granted.

### Introduction

This action, removed here from state court on diversity grounds, concerns a dispute over liability insurance. Plaintiff Villas at Meadow Lakes ("Villas") is a condominium sub-association of Meadowlakes Association, Inc. ("Meadowlakes"), which is the master association for a condominium community in Broward County. Am. Compl. ¶¶ 2-3. The Amended Complaint alleges that U.S. Liability "insured Meadowlakes under a Non-Profit Directors and Officers Liability policy bearing policy No. ND01062308C," (the "Policy"). *Id.* ¶ 4. The Amended Complaint also alleges that the Policy insured "the Board of Directors of Meadowlakes for wrongful acts that result in damages." *Id.* ¶ 13. It does not allege that Villas is also an insured under the Policy.

According to the Amended Complaint, Daniel Andrade, a member of the Meadowlakes Board of Directors, stole and embezzled more than $83,000 from Meadowlakes beginning in late 2007. *Id.* ¶¶ 20, 25. These funds consisted of contributions from Villas and two other sub-associations. *Id.* ¶¶ 23, 25. Andrade's theft and embezzlement was allegedly "made possible by the fact that [the] Meadowlakes Board of Directors did not insist [that] all checks be signed by

two (2) directors of Meadowlakes." *Id.* ¶ 21. The Amended Complaint faults the other two board members, Karen Cunningham and Catherine Lilo, for failing to properly oversee Andrade's actions, among other things. *Id.* ¶ 24. Allegedly as a result of their failings, Andrade was able to steal and embezzle the funds. *Id.* ¶ 25. According to the Amended Complaint, "[t]hese wrongful acts of Cunningham and Lilo were committed while they were officers and directors of Meadowlakes, and therefore, are within the coverage provided under the [Policy]." *Id.* ¶ 27. Demand was allegedly made upon U.S. Liability "for payment of the losses by Meadowlakes," although the Amended Complaint is silent as to which entity or persons made such demand. *Id.* ¶ 28.

Based upon these allegations, Villas raises two claims against U.S. Liability. In Count I, Villas alleges that U.S. Liability "has breached its contract with Meadowlakes by refusing to pay for the losses claimed." *Id.* ¶ 29. In Count II, Villas seeks declaratory relief as to "the rights of the parties under the policy of insurance between Meadowlakes Association, Inc., all sub associations, and United States Liability Insurance Company[.]" *Id.* (Count II, WHEREFORE Clause). U.S. Liability moves to dismiss for failure to state a claim.

### **Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Under Federal Rule of Civil Procedure 8, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.*

In applying the Supreme Court's directives in *Twombly* and *Iqbal*, the Eleventh Circuit has provided the following guidance to the district courts:

> In considering a motion to dismiss, a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Further, courts may infer from the factual allegations in the complaint obvious alternative explanation[s], which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.

*Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (citations omitted). "This is a stricter standard than the Supreme Court described in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which held that a complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mukamal v. Bakes*, 378 F. App'x 890, 896 (11th Cir. 2010). These precepts apply to all civil actions, regardless of the cause of action alleged. *Kivisto*, 413 F. App'x at 138.

While the scope of review is generally limited to the four corners of the complaint, the Court is permitted to consider any exhibits attached to the pleadings. *See Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). The Court may also consider any documents attached to the defendant's motion to dismiss, so long as they are central to the plaintiff's claims and undisputed. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

## Legal Analysis

U.S. Liability moves to dismiss, arguing that Villas has not alleged or shown that it is an insured under the Policy and, as such, cannot bring suit for breach of a contract to which it is not a party. Mot. at 2-3. Because Villas is not insured under the Policy, U.S. Liability further maintains that dismissal is required under Florida law, which statutorily prohibits third parties from suing an insurer without first obtaining a verdict or settlement against the insured wrongdoer. *Id.* at 3-6. In response, Villas argues that it is necessary to examine the Meadowlakes condo documents and bylaws to determine which parties are named insureds under the Policy. Resp. at 1-2. According to Villas, the relevant condo documents and bylaws "specify that each unit owner and each sub association is a member of the master association," such that "each unit owner and each sub association is a member of the named insured and has standing to bring suit against the Board members of the master association for negligence in the performance of their duties as board members." *Id.* at 2. Notably, Villas does not appear to argue that it is a named insured itself, just that it has standing to sue based on its relationship with Meadowlakes.

Villas's arguments fail to persuade. Nowhere in the Amended Complaint does Villas allege that it is a named insured under the Policy; instead, it alleges only that Meadowlakes and Meadowlakes board members are the insureds. *See* Am. Compl. ¶¶ 4, 13. At the dismissal stage, the Court may consider documents attached to the Amended Complaint, and those documents will control to the extent they are inconsistent with the allegations. *See Gross v. White*, 340 F. App'x 527, 533 (11th Cir. 2009). For this reason, it is possible that Villas could be an insured notwithstanding the Amended Complaint's allegations, if the Policy were attached and if its terms so revealed. Here, the Amended Complaint states that the Policy is attached as an exhibit, but it is not there.[1] The only insurance policy included as an exhibit bears a different policy number and does not correspond to the excerpts and policy language discussed in the parties' memoranda. Thus, on this record, the Court can turn only to the Amended Complaint's allegations, and those allegations do not say that Villas is an insured. *See Santos v. Fed. Nat'l Mortg. Ass'n*, 2012 WL 3860559, at *2 (S.D. Fla. Sept. 6, 2012) (Demitrouleas, J.) (motions to dismiss typically decided by reference to complaint's allegations). For purposes of this Order, then, the Court must accept that Villas is not an insured under the Policy.

U.S. Liability contends that if Villas is not an insured, its claims are premature under Florida's Non-Joinder Statute, section 627.4136.[2] Mot. at 3-6. Villas does not argue otherwise, and the Court agrees. Section 627.4136(1) provides that an injured third party may not sue a liability insurer for a cause of action covered by a liability insurance policy without first obtaining a verdict or settlement against the insured. *See Hazen v. Allstate Ins. Co.*, 952 So.2d 531, 534 (Fla. 2d DCA 2007); *see also Gen. Star Indem. Co. v. Boran Craig Barber Engel Const. Co.*, 895 So.2d 1136, 1138 (Fla. 2d DCA 2005). Thus, "a cause of action against an insurance company by a party who is not its insured does not *accrue* until a settlement or verdict

---

[1] As noted earlier, this case was brought here from state court on diversity grounds. It is plausible that the Policy was an exhibit to the Amended Complaint in state court, but was inadvertently excluded from the record upon removal. Or it may be that Villas never attached it at all. Either way, the result is the same: the Court does not have it and, thus, cannot consider it. If Villas decides to amend, it may attach the Policy to its amended pleading.

[2] In diversity cases, this Court applies the law of the forum state, Florida, to substantive matters. *See Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011). Of course, matters of procedure are governed by federal law and the Federal Rules of Civil Procedure. *See id.* U.S. Liability argues without opposition that section 627.4136 is a substantive provision, *see* Mot. at 4-5, and this Court agrees. *See Allstate Ins. Co. v. Stanley*, 282 F. Supp. 2d 1342, 1343 (M.D. Fla. 2003) (Merryday, J.) (finding that Fla. Stat. § 627.4136 is substantive, not procedural).

has been obtained." *See So. Owners Ins. Co. v. Mathieu*, 67 So.3d 1156, 1159 (Fla. 2d DCA 2011) (emphasis original). Here, Villas does not allege or argue that it has already obtained a verdict or judgment against Cunningham, Lilo, Andrade, or Meadowlakes. Therefore, if Villas is not an insured, its claims are premature and subject to dismissal under section 627.4136. *See Dollar Sys., Inc. v. Elvia*, 967 So. 2d 447, 449 (Fla. 4th DCA 2007) (dismissal proper where plaintiff failed to comply with "the statutory condition precedent to maintaining an action against a liability insurer" under Fla. Stat. § 627.4136).

## Conclusion

Villas has not alleged that it is an insured under the Policy, and it has not provided the Policy for the Court to review. Further, it does not argue in its memoranda that it is an insured; instead, it argues that it has standing to sue U.S. Liability based upon the relationship it bears to the insured, Meadowlakes, under the condo documents and bylaws. In the absence of anything showing otherwise, on this record the Court concludes that Villas is not an insured under the Policy. Further, because Villas is not an insured, its claims against U.S. Liability come too soon and run afoul of Florida's Non-Joinder Statute, section 627.4136. As a non-insured, such claims must be brought, if at all, after a judgment or verdict is obtained from the insureds.

Accordingly, it is hereby **ORDERED and ADJUDGED** that U.S. Liability's Motion to Dismiss the Amended Complaint [ECF No. 9] is **GRANTED**. This dismissal is without prejudice, and Villas is given leave to amend consistent with this Order. If it chooses to amend, Villas must include allegations showing that it is an insured under the Policy and it must attach the Policy and any other documents necessary for this Court to determine which parties are in fact insureds. The deadline to file a new Amended Complaint is **February 15, 2013**. If no new pleading is filed by that date, the Court will close this case.

**DONE and ORDERED** in chambers, at Miami, Florida on February 1, 2013.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
U.S. Magistrate Judge
Counsel of record